This is a workmen's compensation case.
The Circuit Court of Sumter County awarded benefits to the deceased employee's widow. The widow appeals, contending that the trial court erred in computing the average weekly wages of the employee. *Page 813 
The employer cross appeals, contending that the employer is entitled to credit against the workmen's compensation benefits proceeds paid to the employee under the employer's uninsured motorist coverage.
The record reveals that the employer was the owner of a funeral home and hired the employee on a part-time or "needed" basis to transport bodies for the funeral home. The employment relationship spanned over sixteen to seventeen years. The employee worked an irregular schedule, sometimes not working for several weeks. The employee was not paid an agreed upon salary but was compensated according to the work performed.
While in the line and scope of his employment, the employee was killed in an automobile accident with an uninsured motorist. At trial the workmen's compensation benefits were computed by dividing the total payments made to the employee in the fifty-two week period prior to his death, which were $1,061, by the total amount of pay periods during that time. This computation arrived at the sum of $32.15 which was determined to be the average weekly wage.
The employee's estate also recovered a sum of $14,000 in a tort action against a third party arising out of the automobile accident and a further sum of $10,000 from the employer's uninsured motorist coverage.
In a workmen's compensation case, the trial court's finding is conclusive if there is any evidence that will support it. Wimbsv. El Biscuit Village, Inc., 418 So.2d 129 (Ala.Civ.App. 1982);Weatherly v. Republic Steel Corp., 391 So.2d 662 (Ala.Civ.App. 1980).
The determination of average weekly earnings is governed by §25-5-57 (b), Ala. Code (1975), wherein the computation methods are set forth. The applicable portion, in the instant case, is as follows:
 "Where by reason of the shortness of the time during which the employee has been in the employment of his employer or the casual nature or terms of the employment it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."
It is the general rule that the statutory formulas for computing the average weekly earnings are mandatory. OrkinExterminating Co. v. Williams, 389 So.2d 935 (Ala.Civ.App. 1980);Odell v. Myers, 52 Ala. App. 558, 295 So.2d 413 (1974). However, it has been held that the trial court may exercise its discretion when the computation is not practicable and will cause an unjust and unfair result. Brunson Milling Co. v. Grimes, 267 Ala. 395,103 So.2d 315 (1958); H.C. Price Co. v. Lee, 249 Ala. 230,30 So.2d 579 (1947); Unexcelled Manufacturing Corp. v. Ragland,52 Ala. App. 57, 289 So.2d 626 (1974); Aluminum Workers Internationalv. Champion, 45 Ala. App. 570, 233 So.2d 511 (1970).
In this case, the employee did not work on a regular basis and had no regular working hours. He had no set salary but was paid in accordance with the job that he performed. There was evidence that two other employees of the employer had the same "casual" working arrangement and were paid in the same manner. However, no evidence was heard as to the salaries that were paid to these employees or any other person that was employed in the same type of job. Therefore, in this instance, the finding of the trial court that the average weekly earnings of the employee were his salary in the preceding fifty-two week period divided by the amount of pay periods was supported by the evidence and afforded a just and fair result to both parties.
The issue of the cross appeal by the employer is whether the uninsured motorist *Page 814 
coverage award can be credited against the workmen's compensation benefits.
The primary goal of workmen's compensation legislation is to aid the injured person, but not to allow a double recovery. "Double recovery" has been defined as recovering from two sources an amount that exceeds the damages. It could also mean any recovery from two sources whether or not the amount recovered exceeds the losses. 2A A. Larson, The Law of Workmen'sCompensation § 71.23 (h) (1983). The former definition is to this court the better view.
"There can be no conceivable policy objection to allowing an injured person to retain two recoveries that, when combined, still do not make him whole." 2A A. Larson, The Law of Workmen'sCompensation § 71.23 (h) (1983). We agree.
The supreme court addressed the issue of whether a workmen's compensation recovery could be credited against the uninsured motorist coverage award because of the prohibition against double recovery. The court denied the "set off," stating that, even in combining the employee's recovery from all sources, he was still not indemnified for all his losses. State Farm Mutual AutomobileInsurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971).
In order to obtain any "credit" under the facts of this case, there must clearly be some sort of double recovery, i.e., a recovery from two sources that exceeds damages.
In the present case, no proof was offered of the employee's damages. For this reason, it cannot be asserted that the employee's estate was awarded a double recovery. Therefore, the trial court did not err in disallowing a credit of the uninsured motorist coverage award against the workmen's compensation benefits.
We should not necessarily be understood as concluding that, even under circumstances where payment of workmen's compensation benefits coupled with recoveries from other sources would exceed the proven damages, a party would be entitled to a credit. That issue is not before us.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.