This is a workmen's compensation case.
The employee, a truck driver, was injured in a vehicular accident in the course of his employment while driving a tractor-trailer rig. He brought suit for workmen's compensation benefits against O.H. Jackson, d/b/a Jackson Trucking Company (Jackson), the owner of the tractor rig, and fictitious parties.
Subsequently, the employee attempted to amend his complaint to substitute Redwing Carriers, Inc. (Redwing), a common carrier, as one of the fictitious parties. Jackson's tractor rig, which the employee was driving at the time of the accident, was then leased to Redwing. The employee was pulling a trailer owned by Redwing.
On a prior appeal, this court held that the employee's attempt to bring Redwing into the suit came too late and affirmed the trial court's granting of summary judgment in favor of Redwing. Weaver v. Redwing Carriers, Inc.,475 So.2d 869 (Ala.Civ.App. 1985).
The employee's suit against Jackson was tried ore tenus
before the Circuit Court of Tuscaloosa County. The trial court entered a judgment, awarding the employee workmen's compensation and assessing the statutory penalty against Jackson due to its failure to secure workmen's compensation insurance covering the employee. See Ala. Code (1975), §25-5-8(e) (1986 Repl.Vol.). On Jackson's post-trial motion, the trial court amended its judgment to give *Page 704 
Jackson a $4,000 set-off against the statutory penalty.
Jackson, through able counsel, appeals. The employee, likewise through able counsel, cross-appeals, contending that Jackson was not entitled to the $4,000 set-off.
We affirm in part and reverse in part.
 I
The primary issue before this court is whether Jackson was the "employer" of the employee within the meaning of the workmen's compensation law of this state and thus liable for his benefits. Jackson strongly contends that it was not the employee's employer.
In addressing this issue, Jackson has cited this court to numerous instances in the record where evidence was introduced purporting to show that it was Redwing who exercised control over the work of the employee. Likewise, the employee has pointed to numerous instances in the record which purportedly show that it was Jackson who exercised control over him.
In other words, both parties have attempted to show who was the employee's employer, Jackson or Redwing, by using the well-established test of control. Under this test an individual or entity may be determined to be an employee, as opposed to an independent contractor, by looking to whether the "employer" exercised actual control or reserved the right to exercise control over the means and agencies by which the work was done.See American Tennis Courts, Inc. v. Hinton, 378 So.2d 235
(Ala.Civ.App.), cert. denied, 378 So.2d 239 (Ala. 1979).
While the control test may have once been appropriate in a case such as that now before us, see Craig v. Decatur PetroleumHaulers, Inc., 340 So.2d 1127 (Ala.Civ.App. 1976), cert.denied, 340 So.2d 1130 (Ala. 1977), such is no longer necessarily true.
The Alabama Supreme Court has recently held that the control test is inappropriate in cases where the issue is not whether the workmen's compensation claimant is an employee (as opposed to an independent contractor), but who among two or more putative employers is liable for the employee's workmen's compensation benefits. Ex parte Stewart, 518 So.2d 118 (Ala. 1987).
 "Where there is evidence of a measure of control over an employee by two or more putative employers, a finding of 'control' and liability in just one of them would be obviously erroneous. As a logical matter, 'control' cannot properly be used to establish the compensation liability of one employer as opposed to the other in such a situation."
Stewart, 518 So.2d at 120.
Clearly, in the case now before us the employee's status as an "employee" for workmen's compensation purposes is not questioned. Rather, the issue is who ought to be liable for the employee's workmen's compensation benefits, Jackson or Redwing.
Thus, the issue of whether Jackson is the employee's employer for workmen's compensation purposes cannot be answered by simply applying the control test. Rather, "in cases such as this, the finder of fact should concentrate, not solely on control, but also on additional indicia of the employment relationship in determining an employee's status."Stewart, 518 So.2d at 121.
We find that the trial court in effect did precisely what the supreme court required of the trier of fact inStewart. It did apply the control test and found evidence that Jackson had on a prior occasion terminated a lease agreement with a carrier and had taken its drivers, including the employee, with it when it entered into a lease with a new carrier. The trial court noted such evidence in its final judgment, as well as evidence that on one occasion Jackson had laid the employee off from work and later recalled him. Based upon this evidence, the trial court concluded that Jackson had the reserved right of control over the employee, though Redwing exercised actual control.
The trial court went beyond the control test, however, and examined other indicia of the employment relationship. It looked in particular to the lease agreement between *Page 705 
Jackson and Redwing, noting certain portions of the agreement in the final judgment. The trial court concluded that, under the express terms of the lease agreement, it was the clear intention of Jackson and Redwing that the drivers of Jackson's trucks (which included the employee) were to be Jackson's employees and that Jackson was to provide workmen's compensation insurance for the employee.
We find it highly appropriate for the trial court to have looked to the lease agreement in determining the employee's status vis-à-vis Jackson and Redwing. This is particularly so in light of the recent Stewart decision, in which the supreme court urged the trier of fact to inquire into the contract for hire to aid it in determining which employer is liable for workmen's compensation benefits in a joint employment situation. See Stewart, 518 So.2d 118.
The trial court concluded that Jackson was liable for the employee's workmen's compensation benefits as his employer, based upon both the terms of the lease agreement and evidence of Jackson's reserved right of control over the employee's work.
Under the standard of review applicable in workmen's compensation cases, this court must affirm that determination if there is any evidence in the record which supports it.American Automobile Insurance Co. v. Hinote, 498 So.2d 848
(Ala.Civ.App. 1986). As the above discussion indicates, our review of the record indicates that there was clearly evidence supporting the trial court's determination that Jackson was the employee's employer and was liable for his workmen's compensation benefits.
Jackson, however, further argues that federal law and regulations governing common carriers control in this case and preempt state law in determining the employee's employer. Under federal law and regulations Redwing, a common carrier, is deemed to be the employer of drivers of trucks it leases.See 49 U.S.C.A. § 304(e) (West 1963). Thus, Jackson contends that by federal statute Redwing is the employee's employer for workmen's compensation purposes. We disagree.
The federal law and regulations relied upon by Jackson may govern the liability of a common carrier to the public for injury or damage it or its employees may cause, but they do not, in our opinion, govern the liability of such carrier as opposed to another putative employer for an injured driver's workmen's compensation benefits. We find the cases from other jurisdictions cited by Jackson on this subject to be inapposite.
Moreover, even if federal law does impose upon Redwing the status of employer for workmen's compensation purposes, such does not preclude the trial court's conclusion that Jackson was also the employee's employer. As our supreme court recognized in Stewart, in cases where there is evidence of joint employment, both employers may be liable for workmen's compensation. Stewart, 518 So.2d 118 (quoting 1C A. Larson, TheLaw of Workmen's Compensation § 48.42 (1986)).
Jackson additionally contends that the trial court should be reversed because its findings of fact and conclusions of law do not specifically address the issue presented to it of the applicability of the federal law.
Ala. Code (1975), § 25-5-88, requires that the trial court in rendering its judgment in a workmen's compensation case set forth findings of fact and conclusions of law. This court has held on numerous occasions, however, that substantial compliance with § 25-5-88 is sufficient. Hinote, 498 So.2d 848;Littleton v. Gold Kist, Inc., 480 So.2d 1236 (Ala.Civ.App. 1985).
We find that the trial court's judgment in this case substantially complies with § 25-5-88. Although it did not say so in its six-page written judgment, the trial court obviously concluded that federal law did not govern the question of whether Jackson was liable for the employee's workmen's compensation benefits. As explained above, we agree with that conclusion. *Page 706 
 II
The parties stipulated that the employee had received as a result of the accident certain sums under uninsured motorist and medical benefits insurance policies. Jackson contends that the trial court erred in failing to grant it a set-off as to all of these sums received by the employee, thus allowing the employee to enjoy a double recovery.
Ala. Code (1975), § 25-5-11(a) gives an injured employee the right to proceed against a third party who may be liable for causing his injury, while also proceeding against the employer for workmen's compensation. The statute provides, however, that, if the employee recovers damages against such third party, "the amount of such damages so recovered and collected shall be credited upon the liability of the employer for compensation. . . ."
The employer's right to a set-off or credit under §25-5-11(a) depends entirely upon the terms of the statute. Cf.Liberty Mutual Insurance Co. v. Lockwood Greene Engineers,Inc., 273 Ala. 403, 140 So.2d 821 (1962).
This court has held that, for the employer to obtain the credit provided for by § 25-5-11(a), "there must clearly be some sort of double recovery, i.e., a recovery from two sources that exceeds damages." Holder v. Weatherly, 456 So.2d 812, 814
(Ala.Civ.App. 1984). Where, however, no proof is given of the employee's damages, the employer cannot contend that there has been a double recovery. Holder, 456 So.2d at 814.
In the present suit for workmen's compensation, there has been no proof of the damages suffered by the employee and hence no evidence that the employee has enjoyed a double recovery. Based upon Holder, we find no error on the part of the trial court in refusing to grant Jackson a set-off as to the amounts the employee received under uninsured motorist and medical benefits insurance policies. See also State Farm MutualAutomobile Insurance Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619
(1971).
We would further note that the employee apparently used the sum he received from the medical benefits insurance to pay for his hospital and medical expenses. Under Ala. Code (1975), §25-5-77, Jackson is liable only for that portion of such expenses not covered by the medical benefits.
Apparently, however, the medical benefits paid for all of the employee's medical expenses, and he has made no claim against Jackson for them. We find no authority for giving Jackson a credit for the amount of medical benefits received against the employee's workmen's compensation benefits.
 III
As noted at the outset, the trial court did grant Jackson a $4,000 set-off against the statutory penalty assessed against it for failing to carry workmen's compensation insurance on the employee. Such sum apparently represents the value of a truck engine which the trial court found the employee to have negligently destroyed.
On cross-appeal the employee contends that the trial court erred in granting Jackson this $4,000 set-off because its claim for such set-off was not timely made. We agree.
The record reveals that Jackson filed a counterclaim, but only as to the sums the employee had received from the aforementioned insurance policies. When the trial court did not provide for any set-off in its original final judgment, Jackson filed a motion for new trial or to alter or amend the judgment and requested the trial court "to credit and set-off in favor of [Jackson], the amounts already received by the [employee], from all sources, whatsoever."
Apparently, Jackson made no attempt to claim as a set-off the value of an engine which was purportedly destroyed by the employee's negligence until the hearing on the post-trial motion filed by Jackson. At that hearing, when Jackson introduced testimony as to its claim for a set-off as to the value of the destroyed engine, as well as to other sums it claimed the employee was liable for, counsel for the employee duly objected. The trial court allowed the testimony, *Page 707 
while apparently reserving a decision on its admissibility. Thereafter, it granted the $4,000 set-off. In so doing, we find the trial court to have erred to reversal.
As noted, Jackson did not attempt to claim a set-off as to the $4,000 in its counterclaim. Rule 13(f), Alabama Rules of Civil Procedure, provides that, when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may with leave of the court do so by amendment. Jackson, however, made no attempt to amend its counterclaim.
Although an amendment may be accomplished when issues not raised in the pleadings are tried by the parties' express or implied consent, Rule 15(b), A.R.Civ.P., Jackson does not contend that such was the case when it introduced evidence regarding the $4,000 claim at the post-trial hearing. Moreover, the employee clearly did not consent to the trial of the issue of Jackson's right to set-off the $4,000 claim because he duly objected to the introduction of evidence relating to that issue.
Finally, as the employee points out in brief, it appears that amendment under Rule 15(b) would be improper in this case because it would allow Jackson to avoid the statute of limitations which would appear to bar a suit against the employee to recover the value of the engine. See Cooper v.Thomas, 456 So.2d 280 (Ala. 1984).
In view of the above, we hold that that part of the trial court's judgment which gave Jackson a $4,000 set-off against the statutory penalty assessed against it is reversed and the cause remanded for entry of a judgment not inconsistent herewith.
This case is affirmed in part and reversed and remanded in part.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
BRADLEY, P.J., and INGRAM, J., concur.