L. CHARLES WRIGHT, Retired Appellate Judge.
Hazel Outlaw, administratrix of the estate of William E. Forbes, filed an action in the Circuit Court of Autauga County against Louis Austin and R.E. Garrison Trucking, Inc. (Garrison), alleging the wrongful death of Forbes. Subsequently, Cindy Forbes, the minor child of William Forbes, filed a motion for permissive join-der through her next friend, requesting that her action for workmen’s compensation be joined with Outlaw’s wrongful death action. The trial court granted the motion.
Garrison filed a motion for summary judgment on the wrongful death action and on the workmen’s compensation action. Outlaw responded to the motion with a memorandum. The minor did not respond. A hearing was held with all parties present. Following the hearing, the trial court granted Garrison’s motion. Outlaw and the minor appeal.
The record reflects that Louis Austin, the owner of a tractor trailer truck, contracted with Garrison for the lease of his truck to be operated under Garrison’s Interstate Commerce Commission (ICC) permit. The lease agreement set forth the parties’ rights and obligations. It specifically provided that Garrison would provide liability insurance coverage for the protection of the public pursuant to applicable ICC regulations and that Austin would provide workmen’s compensation coverage for any person he hired to assist him. Austin would receive from Garrison a percentage of the proceeds from each load he transported. Garrison withheld no taxes or social security payments for Austin. The agreement provided that Austin would maintain his truck and that he would have final authority over the use of the truck and the method by which he carried out the agreement.
While under the lease with Garrison, Austin hired William Forbes and Wannah Blackmon to drive his truck. Austin agreed to pay them a percentage of the fees he received from Garrison.
While delivering a load in California, Forbes and Blackmon experienced mechanical difficulties with the truck. Austin went to California to supervise the repairs. While in California, Austin indicated to Forbes and Blackmon that their services would no longer be needed. Austin and Forbes, however, reached an agreement whereby Forbes would assist Austin in driving the truck back to Alabama. The trailer was loaded with a shipment of citrus intended for Birmingham, Alabama. Throughout the return trip Austin and Forbes alternated driving. The truck was involved in an accident in Mississippi. Austin was driving, and Forbes and Blackmon were in the sleeping compartment. The accident resulted in the death of Forbes and the total destruction of the vehicle.
*496 Outlaw asserts that the trial court erred in granting summary judgment on the wrongful death claim. She insists that there was a genuine issue of material fact presented as to whether or not Forbes was a member of the “general public” at the time of his death. She asserts that Forbes was a member of the “general public” because Austin had terminated his employment before the accident. She contends that, because Forbes was a member of the “general public,” Garrison is liable for the negligence of Austin which caused Forbes’s death. Such contention is made pursuant to federal regulations which provide that those persons operating a motor vehicle under the authority of an ICC permit are considered the “statutory employee” of the common carrier where injuries result to members of the “general public.” 49 U.S.C. § 11107(a)(4); 49 C.F.R. § 1057.-12(c)(1).
Summary judgment is proper only where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Southern Guar. Ins. Co. v. First Ala. Bank, 540 So.2d 732 (Ala.1989). Where, however, the nonmov-ant produces substantial evidence to support its complaint, summary judgment cannot be granted. Southern Guar. Ins. Co. Substantial evidence is “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven.” Economy Fire & Cas. Co. v. Goar, 551 So.2d 957 (Ala.1989).
The trial court found that Outlaw failed to establish substantial evidence to support her wrongful death claim. We agree with the trial court and adopt the following language of its order as our own:
“There is overwhelming and uncontra-dicted evidence that Austin hired Forbes, compensated Forbes, held the authority to fire Forbes, and in all respects considered Forbes to be his employee, even at the time of death. Clearly, employees of the owner/operator are not members of the general public. See White v. Excalibur Ins. Co., 599 F.2d 50 (5th Cir.1979); Judy v. Tri State Transit Co., 844 F.2d 1496 (11th Cir.1988).
“The plaintiffs assert there exists an issue of fact concerning Forbes’s status as an employee of Austin at the time of his death. This is based upon the testimony of Blackmon that she and Forbes were fired by Austin in California and thus Forbes was a member of the general public. However, Blackmon also testified Forbes and Austin alternated driving on the trip back from California and Austin testified Forbes was being compensated just as before on the trip back from California.
“Whether Forbes was an employee of Austin at the time of his death is not totally determinative on the issue of his status as a member of the general public and thus able to maintain an action against Garrison. At the very least, Forbes was a co-driver and thus not a protected person under the appropriate ICC regulations.
“The Alabama Supreme Court has not specifically addressed this issue, although it has specifically stated its approval of the public policy behind the ICC regulations and their intent to protect the public in Phillips v. J.H. Transport, Inc., 565 So.2d 66 (Ala.1990). The Fifth and Eleventh Circuits have decided this issue and this court finds those cases to be authoritative.
“In White v. Excalibur Ins. Co., supra, and Judy v. Tri State Motor Transit Co., supra, fact situations similar to the one before this court were presented. In both cases, employees of the owner/operator were injured while carrying out lease agreements. Those cases specifically find the employee of the owner/operator to not be a member of the general public, and thus Garrison in this case is not statutorily liable for Forbes’s death.
“The plaintiffs cite Proctor v. Colonial Refrigerated Transportation, Inc., 494 F.2d 89 (4th Cir.1974), to support their position [that] Forbes was a member of the general public at the time of his death.
*497 However, the Fifth Circuit in White, supra, specifically rejected the Fourth Circuit’s reasoning as does this Court.”
Forbes’s minor daughter asserts that the trial court erred in granting summary judgment on her workmen’s compensation claim. We reiterate that she did not present any evidence in opposition to Garrison’s motion as required by Rule 56(e), Alabama Rules of Civil Procedure.
However, we adopt the following language of the trial court’s order relating to the workmen’s compensation claim:
“The plaintiffs’ second alternative for recovery against Garrison is premised on the allegation Forbes was an employee of Garrison at the time of his death and thus able to recover against his employer under the Alabama Workmen’s Compensation statute. The facts lack even a scintilla of evidence to support such a proposition, the plaintiffs not even addressing this issue in their memorandum, though they did at oral argument.
“Austin held the power to hire and fire Forbes, Garrison did not. Austin paid wages to Forbes, Garrison did not. The lease agreement between Austin and Garrison specified any person hired by Austin was the employee of Austin, not Garrison.
“When the facts are examined there is no evidence Garrison exercised any control over Forbes nor do these two parties in any way meet the definition of employer and employee as set forth in the Alabama Workmen’s Compensation statute. § 25-5-1, et seq. Finally, by examination of the test, as set forth in Jackson v. Weaver, 516 So.2d 702 (Ala.Civ.App.1987), the additional indices of an employment relationship clearly establish Forbes as an employee of Austin, if of anyone at the time of his death, the plaintiffs’ sole remedy being against Austin under the compensation statute, not Garrison.
“Though the federal regulations are determinative on the issue of a relationship of employer-statutory employee where members of the general public are injured, that is inapplicable for the purpose of state workmen’s compensation benefits where an employee of an owner/operator is injured. Jackson, supra, page 705.”
The judgment of the trial court in granting Garrison’s motion for summary judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.