The plaintiff, Automotive Wholesalers of Alabama 
Georgia/Self-Insured Workers Compensation Fund appeals from summary judgments in favor of the defendants, Charles R. Merrill and Reinhard Kruetzer.
The record shows the following: In February 1996, Charles Merrill ("the employee") was employed by CW Auto Parts and Supply Company ("the employer"). The employee and Reinhard Kruetzer ("the tortfeasor") were involved in an automobile accident while the employee was working in the line and scope of his employment. The employer reported the accident to its workers' compensation carrier, Automotive Wholesalers of Alabama 
Georgia/Self-Insured Workers Compensation Fund ("the workers' compensation carrier"). The workers' compensation carrier paid $4,857.90 in benefits to, or on behalf of, the employee.
At the time of the accident, the tortfeasor had liability coverage with State Farm Insurance Company ("State Farm"). In September 1997, the workers' compensation carrier notified State Farm that it had expended $4,857.90 on this claim and asked State Farm to contact it when a settlement with Merrill was reached. In November 1997, the workers' compensation carrier received a letter from State Farm, which advised the workers' compensation carrier that State Farm had settled the claim between the tortfeasor and the employee, and that the employee had provided State Farm with a release. The letter stated, *Page 1112 
"You, therefore, have no claim against our insured and must seek reimbursement from [the employee] for the amount of your workers' compensation payments." The amount of the settlement was $7,500.
In May 1998, the workers' compensation carrier filed an action in the district court against the employee and the tortfeasor, seeking to recover the money it had paid out in workers' compensation benefits. The tortfeasor answered, contending that the workers' compensation carrier should seek reimbursement from the employee.
Both the workers' compensation carrier and the tortfeasor filed motions for a judgment on the pleadings, which the district court treated as summary-judgment motions. In July 1998, the district court issued an order, finding that the workers' compensation carrier was entitled to recover $4,857.90 from the tortfeasor. The basis of the district court's finding was that "the release given by [the employee] did not extinguish the rights of [the workers' compensation carrier], but [its] rights were retained and exercised after the statutory period in which the employee might have brought suit." The district court dismissed the employee, without prejudice, because service had not been perfected on him.
The tortfeasor appealed from the district court to the circuit court. Thereafter, the employee answered, stating that "he has not received compensation for medical expenses in this cause, but was compensated for his personal injury and pain and suffering."
The tortfeasor filed a summary-judgment motion, contending that the workers' compensation carrier was not entitled to recover from the tortfeasor, but should seek reimbursement from the employee. The workers' compensation carrier filed a response in opposition to the summary-judgment motion. The trial court entered a summary judgment in favor of the tortfeasor.
Thereafter, the workers' compensation carrier moved for a summary judgment on its claim against the employee. The employee filed a response, stating that he did not owe this obligation because the settlement amount received from State Farm did not compensate him for any medical expenses, only his "damages for physical pain and mental anguish and for injuries received . . . in the accident." The employee moved for a summary judgment, and the workers' compensation carrier filed a response in opposition to this motion. The circuit court denied the workers' compensation carrier's summary-judgment motion, and granted the employee's summary-judgment motion.
The workers' compensation carrier appeals from the summary judgment in favor of the employee and from the summary judgment in favor of the tortfeasor.
The workers' compensation carrier contends that when the circuit court entered a summary judgment in favor of the employee, it allowed the employee a double recovery, which is contrary to § 25-5-11(a), Ala. Code 1975, and is against public policy. The employee contends that there was no evidence that any portion of the $7,500 settlement with the tortfeasor was for medical expenses; thus, he says, there was no double recovery. The employee also contends that the settlement amount was to compensate him for the pain and suffering resulting from the accident, not medical expenses, and that it would be manifestly unfair to have his compensation consumed by a reimbursement to the workers' compensation carrier.
The tortfeasor's position is that it had settled the claim between the tortfeasor and the employee and had obtained a release from the employee and that the *Page 1113 
workers' compensation carrier should seek reimbursement from the employee. The circuit court agreed and entered a summary judgment in favor of the tortfeasor.
Section 25-5-11(a), Ala. Code 1975, states, in part:
 "If the injury . . . for which compensation is payable under Articles 3 or 4 of this chapter was caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, . . . the employee . . . may proceed against the employer to recover compensation under this chapter or may agree with the employer upon the compensation payable under this chapter, and at the same time, may bring an action against the other party to recover damages for the injury . . . and the amount of the damages shall be ascertained and determined without regard to this chapter. . . . If the injured employee . . . recovers damages against the other party, the amount of damages recovered and collected shall be credited upon the liability of the employer for compensation. . . . To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.
(Emphasis added.) In Orum v. Employers Cas. Co., 348 So.2d 792, 795-96
(Ala.Civ.App. 1977), this court determined that a "recovery of damages against the other party" can be either by a money judgment or by a settlement. Additionally, in Orum, this court determined that in light of the statute and applicable caselaw, the workers' compensation carrier could not proceed against the tortfeasor after the employee and the tortfeasor had settled the claim because the statute requires the workers' compensation carrier to be reimbursed out of the employee's recovery from the tortfeasor. In light of the foregoing, we conclude that the circuit court correctly entered the summary judgment in favor the tortfeasor, because the employee had settled his claim against the tortfeasor.
The employee argues here, as he did before the circuit court, that no portion of his $7,500 settlement with the tortfeasor was to compensate him for medical expenses. In his affidavit, the employee states, "There was no mention in my settlement nor was there any understanding between me and the insurance company who paid the settlement sum that any part of it was to reimburse me for medical expenses that I had incurred."
The record does not contain a copy of the release executed by the employee when he settled his claim against the tortfeasor. The workers' compensation carrier stated that it had expended $4,857.90 in workers' compensation benefits. In River Gas Corp. v. Sutton, 701 So.2d 35, 38
(Ala.Civ.App. 1997), this court stated:
 "Based on the supreme court's holdings in [Maryland Casualty Co. v.] Tiffin[, 537 So.2d 469 (Ala. 1988),] and Powell [v. Blue Cross Blue Shield of Alabama, 581 So.2d 772 (Ala. 1990)], we conclude that the trial court erred in requiring River Gas to prove that Sutton had been fully compensated for his injuries before allowing subrogation on behalf of River Gas from the settlement proceeds of the third-party action. Section 25-5-11(a), Ala. Code 1975, does not require River Gas to prove that Sutton had been fully compensated, or would enjoy a double recovery, in order for its subrogation right to arise under that section of the Workers' Compensation Act."
The employee presented no evidence other than his statement to show that he was not *Page 1114 
compensated for the medical expenses when he settled with the tortfeasor.
In light of the foregoing, we affirm the summary judgment in favor of the tortfeasor and we reverse the summary judgment in favor the employee, and we remand so that the workers' compensation carrier's claim against the employee may proceed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Yates, Crawley, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.