I concur with the majority in its dismissal of the appeal designated as no. 2001172 (CV-99-94), because that appeal is from a nonfinal order.
I further concur with the majority's statement as to the current status of the law as it pertains to an employer's subrogation rights as to future medical benefits when the employer has recovered from a third-party tortfeasor. I write, however, to express my deep concern over the inherently unjust and unfair result that occurs in this case, and that could occur in other cases, as a result of the current status of the law in this area.
An employer is not required to prove that an injured employee is made whole or will enjoy a double recovery in order for its subrogation rights to arise under the Workers' Compensation Act.Ex parte State Farm Fire Cas. Co., 764 So.2d 543 (Ala. 2000);Miller Miller Constr. Co. v. Madewell, 766 So.2d 855
(Ala.Civ.App. 2000); and Automotive Wholesalers of Alabama Georgia/Self-Insured Workers' Compensation Fund v. Kruetzer,796 So.2d 1110 (Ala.Civ.App. 2000). Because of the often complex nature of the third-party actions that arise in this situation coupled with the expense of litigating such actions and the severity of the injuries, including significant physical impairment and disfigurement, loss of earning capacity, pain and suffering, mental anguish, and loss of enjoyment of life, it cannot be presumed that an employee will be made whole. In fact, as the majority opinion points out, in this case counsel who had represented Williams in the third-party action testified that because of the complexities of the third-party action and the severity of Williams's injury, the settlement obtained was insufficient to make Williams whole.
Williams initially settled with seven of the eight third-party defendants for a total of $1 million. The settlement agreement expressly stated that no portion of the settlement included a recovery for future medical or vocational expenses. Thereafter, a hearing was held to determine Skilstaf's subrogation rights. Evidence was presented indicating that Williams was 34 years old; that he had a life expectancy of 36.6 more years; that Skilstaf had paid Williams $21,870.50 in temporary total disability benefits; and that Skilstaf had paid $406,615.86 in medical expenses on behalf of Williams. Further, evidence was presented indicating that Williams's anticipated future medical expenses were between $542,000 and $589,000. The trial court determined that Skilstaf was entitled to $255,091.82 ($428,486.36 less a 40% attorney fee) in subrogation from Williams and that it would be inequitable to attribute any part of the third-party settlement proceeds toward future medical and vocational expenses. This left Williams with approximately $571,513.64 of the $1 million settlement.
Following mediation, Williams eventually settled with the remaining third-party defendant for $650,000. The mediator stated that because of the severity of Williams's injury and the disputed liability of the third-party defendant, no part of the $650,000 was allocated for future medical or vocational expenses. Again, the trial court entered an order determining that no part of this settlement is attributable to future medical or vocational expenses. *Page 923 
Williams has received a total of $1,221,513.64 from the two settlements ($1 million less $428,486.36 plus $650,000). If Skilstaf is awarded or credited for at least $542,000 of the future medical expenses that Williams is anticipated to incur, his settlement is further reduced to $679,513.64. Williams presented evidence indicating that his lost wages, both past and future, ranged between $698,360 and $799,440 ($60,000 for past lost wages and $698,360 to $739,440 for future lost wages). Thus Williams's lost wages alone exceed the remainder of his settlement by at least $19,846.66 ($698,360 less $679,513.34). Williams is left uncompensated for significant physical impairment, pain and suffering, mental anguish, and loss of enjoyment of life under the current law.
I am not advocating a "double recovery" for injured employees such as Williams. The purpose of the Workers' Compensation Act, however, is to provide fair and just compensation for injured workers such as Williams. As a result, it would appear that before an employer's subrogation rights attach to a third-party settlement, that employer must demonstrate that the injured employee is fully compensated and made whole for all of the damages suffered by him or her. Having expressed my concerns, I am constrained to follow the current law as I understand it; therefore, I concur in the majority opinion.