BRYAN, Judge.[1]
Nuss Lumber Co., Inc. (“Nuss Lumber”), appeals from a summary judgment concerning Nuss Lumber’s right to be repaid for workers’ compensation benefits from funds recovered from third parties.
In January 2002, Andy Monghan was injured in an automobile accident while working for Nuss Lumber. Monghan subsequently sued Nuss Lumber, seeking workers’ compensation benefits. Nuss Lumber ultimately paid Monghan a substantial amount in workers’ compensation benefits; there is no dispute that Monghan received all the benefits due him under the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975 (“the Act”). Monghan also sued several third parties, alleging tort claims arising out of the accident. Nuss Lumber filed a counterclaim, asserting its right, under § 25-5-11(a), Ala.Code 1975, to a credit or repayment for benefits paid if Monghan should recover damages from the third parties. In October 2005, Monghan entered into a *92 confidential settlement agreement with the third parties, in which the third parties agreed to pay Monghan certain funds. Some of those funds are contained in the Andy J. Monghan Trust (“the trust”), managed by Regions Bank, and the remaining funds are contained in an annuity (“the annuity”) held by New York Life Insurance and Annuity Corporation.
Nuss Lumber subsequently moved for a summary judgment, seeking, under § 25-5-ll(a), to recover paid workers’ compensation benefits from the settlement funds that Monghan had recovered from the third parties. Monghan died after the summary-judgment motion was filed, and, consequently, Nuss Lumber added the estate of Andy Monghan (“the estate”), by and through the estate’s personal representative, Jackie Monghan (“Jackie”), as a party. At the hearing on the summary-judgment motion, Nuss Lumber and the estate stipulated, among other things, that Nuss Lumber was entitled to recover $1,380,634.50 from the third-party settlement funds. The only disputed issue remaining between the parties was the manner in which the funds would be taken from the trust and the annuity to satisfy Nuss Lumber’s right to recovery under § 25-5-ll(a). On April 29, 2011, the trial court entered a summary judgment resolving that issue.
The trial court’s judgment found, at the time of the judgment, that the trust contained $478,183.50, that the annuity contained $357,903.96 as accrued annuity payments, and that the annuity would pay future monthly payments of $29,825.33 for the next 69 months, ie., until January 1, 2017. Thus, it appears that, when the judgment was entered, there was a total of $836,087.46 in available funds from the settlement agreement ($478,183.50 in the trust + $357,903.96 in accrued annuity payments = $836,087.46) and a total of $2,057,947.70 to be paid from the annuity over the next 69 months ($29,825.33 x 69 = $2,057,947.70). Regarding the $1,380,634.50 owed to Nuss Lumber, the judgment ordered that Nuss Lumber be paid a lump sum of $351,660.27 from “the available funds.” The judgment directed that the remaining balance of $1,028,974.23 owed to Nuss Lumber be satisfied by paying Nuss Lumber monthly payments of $14,912.67 from the annuity for the next 69 months. The judgment ordered that Jackie, the estate’s representative and Mon-ghan’s widow, be paid monthly payments of $6,160 from the trust “until this matter and/or the Estate is resolved.” The judgment also set aside $114,274.09 for a “Medicare lien” and awarded an attorney $4,275 in legal fees. Nuss Lumber appealed to this court.
“Summary judgment is appropriate only when ‘there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.’ Rule 56(c)(3), Ala. R. Civ. P., and Dobbs v. Shelby County Econ. & Indus. Dev. Auth., 749 So.2d 425 (Ala.1999).... In reviewing a summary judgment, an appellate court, de novo, applies the same standard as the trial court. Dobbs, swpra.”
Bruce v. Cole, 854 So.2d 47, 54 (Ala.2003).
Section 25-5-ll(a) establishes Nuss Lumber’s right to recover from the third-party settlement funds. That statute provides, in pertinent part:
“If the injured employee, or in case of death, his or her dependents, recovers damages against [a party other than the employer], the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on *93 the employer to pay compensation on account of the injury or death. To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.... [T]he employer shall be entitled to sub-rogation for medical and vocational benefits expended by the employer on behalf of the employee....”[2]
There is no dispute that Nuss Lumber is entitled to recover $1,380,634.50 from the third-party settlement funds, pursuant to § 25-5-11(a).[3] The dispute is whether Nuss Lumber is entitled to recover that full amount before the estate collects funds from the settlement. Nuss Lumber argues that it is entitled to such a recovery and that the trial court erred by permitting the estate to receive monthly payments of $6,160 from the settlement funds before Nuss Lumber is fully reimbursed. We agree. When there is no dispute that the employer is entitled to recover from third-party funds, as in.this case, § 25-5-11(a) indicates that the employer is entitled to receive the funds when the employee recovers and collects them. That is, § 25-5-11(a) establishes that the employer’s right to recover from third-party funds has priority over the employee’s right to those funds. Thus, as between Nuss Lumber and the estate, Nuss Lumber is entitled to recover all the currently available funds from the settlement agreement and has priority as to funds that become available in the future until its right to recovery under § 25-5-11(a) has been satisfied.
This conclusion is supported by the purpose of § 25-5-ll(a). Section 25-5-11(a) relieves an employer of the financial burden of a work-related injury and shifts the burden to the culpable party. The statute also prevents double recovery for the same injury by the employee, i. e., a recovery from more than one source that exceeds the total amount of damages. Holder v. Weatherly, 456 So.2d 812, 814 (Ala.Civ.App.1984). The primary goal of workers’ compensation legislation is to aid the injured employee, not to allow a double recovery. Id. The judgment in this case allows the estate to receive funds from the settlement before allowing Nuss Lumber to fully recoup its payments; this technically does not constitute a double recovery because the estate would, once Nuss Lumber is eventually fully repaid, be compensated only once for the injury. However, the judgment permits the estate to receive the benefit of double payments — from both Nuss Lumber and the settlement — before Nuss Lumber is allowed to fully recoup the funds it is entitled to under § 25-5-11(a). If the estate is allowed to retain both settlement funds and workers’ compensation benefits before Nuss Lumber is fully compensated, then the burden of the injury partly remains on Nuss Lumber, in contravention of § 25-5-ll(a). Having already paid to compensate for an injury that was later compensated for by the third parties, Nuss Lumber should be re- *94 paid first before the estate receives settlement funds from the third parties.
When the judgment was entered, the then available funds in the trust and the annuity were less than the total amount Nuss Lumber is due to recover. Thus, Nuss Lumber also argues that the annuity should be liquidated so that Nuss Lumber may immediately recover the full amount it is owed. At the summary-judgment hearing, the parties acknowledged that liquidating the annuity would result in a discount in the value of the annuity. We see nothing in § 25-5-11(a) that requires the liquidation of the annuity, which would effectively reduce the recovery from the third parties, to fully compensate Nuss Lumber immediately. Section 25-5-ll(a) gives an employer a right to recoup funds paid to an employee, but it does not require assets to be liquidated to achieve that end immediately.
In its principal brief, Nuss Lumber makes certain arguments regarding the total amount it is due to recover from the third-party funds. In its reply brief, Nuss Lumber concedes that those arguments are not properly before this court in light of stipulations made by the parties before the trial court. Therefore, we do not discuss those arguments.
We reverse the trial court’s judgment insofar as it concerns the payments awarded to Nuss Lumber and Jackie, acting as the estate’s representative. On remand, the trial court should enter a judgment, consistent with this opinion, reflecting Nuss Lumber’s priority right to recover the funds owed it from the available third-party settlement funds. The estate is not required to liquidate the annuity to compensate Nuss Lumber. This opinion does not concern the propriety of setting aside certain funds for the Medicare lien and the award of certain legal fees.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., recuses himself.

. This case was assigned to Judge Bryan on February 21, 2012.

. Section 25-5-11(a) creates a right to a credit or reimbursement with respect to an employer's liability for compensation, but the statute creates a right to subrogation with respect to an employer’s liability for medical benefits. “Compensation” and "medical benefits” are distinct benefits under the Act. See § 25-5-1(1), Ala.Code 1975. There is also a difference between a statutory credit and sub-rogation. Trott v. Brinks, Inc., 972 So.2d 81, 85-87 (Ala.2007). However, these distinctions appear to have no bearing on this case.

. Although not expressly stated in § 25-5-11 (a), the right to recovery under that section extends to settlement proceeds. Orum v. Employers Cos. Co., 348 So.2d 792, 795 (Ala.Civ. App.1977).