832 So.2d 76 (2002)
AUTO-OWNERS INSURANCE COMPANY
v.
Cynthia HOLLAND.
2000990.
Court of Civil Appeals of Alabama.
April 12, 2002.
Daniel R. Klasing of Strong, Klasing & Williamson, P.C., Birmingham, for appellant.
*77 Stewart G. Springer of Campbell & Springer, Birmingham; and Lamar T. Hawkins, Birmingham, for Cynthia Holland.
Mark D. Hess of London & Yancey, L.L.C., Birmingham, for State Farm Mutual Automobile Insurance Company.
PITTMAN, Judge.
Cynthia Holland was employed by Jefferson County. Holland and her coworker, Rudolph Griswold, were in a county vehicle traveling on the Green Springs Avenue entrance ramp onto Interstate 65 in Birmingham. Griswold was driving. The county vehicle and a vehicle driven by Zawadi Grazette collided. Holland was injured in the accident. She and her employer reached a settlement as to her workers' compensation benefits.
Holland sued Grazette, State Farm Mutual Automobile Insurance Company, and Auto-Owners Insurance Company. She alleged that Grazette had negligently or wantonly caused the collision and she sought damages from Grazette. Holland sought uninsured motorist ("UM") benefits from State Farm, her insurer, and from Auto-Owners, her employer's insurer. At the time of the accident, Holland was a passenger in her employer's vehicle. State Farm filed a motion to opt out of further participation in the case and agreed to be bound by the trial court's judgment. The trial court granted State Farm's motion.
Grazette sued Griswold and Holland's employer. Auto-Owners filed a motion seeking to consolidate Grazette's action with Holland's action; the trial court granted that motion. The consolidated case proceeded to trial. At the close of Holland's evidence, Auto-Owners filed a motion for a judgment as a matter of law ("JML"), which the trial court denied. Auto-Owners renewed that motion at the close of all the evidence, and the trial court again denied the motion. In Holland's action, the jury returned a verdict against Auto-Owners for $59,553 and in favor of State Farm and Grazette. In Grazette's action the jury returned a verdict for Grazette and against Holland's employer, but awarded Grazette no damages. The trial court entered judgments on the verdicts. Auto-Owners filed a motion for a new trial, which the trial court denied. Auto-Owners appealed to the Alabama Supreme Court; that court transferred the case to this court pursuant to § 12-2-7(6), Ala.Code 1975. Only Auto-Owners appeals.[1]
A JML is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to his claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ. Rule 50(a), Ala. R. Civ. P.; Driver v. National Sec. Fire & Cas. Co., 658 So.2d 390, 392 (Ala. 1995). In reviewing a ruling on a motion for a JML, we view the evidence in the light most favorable to the nonmovant and we entertain such reasonable inferences as the jury would have been free to draw. Carter v. Henderson, 598 So.2d 1350 (Ala. 1992). Regarding a question of law, however, we indulge no presumption of correctness as to the trial court's ruling. Ricwil, Inc. v. S.L. Pappas & Co., 599 So.2d 1126 (Ala.1992).
Auto-Owners argues that this court's opinion in State Farm Mutual Automobile Insurance Co. v. Carlton, [Ms. 2991014, May 11, 2001] ___ So.2d ____ (Ala.Civ.App. 2001), mandates a reversal of the trial *78 court's judgment. We conclude that this argument is dispositive of the appeal. We agree with Auto-Owners that the trial court erred by submitting the case to the jury. In Carlton, this court addressed this issue:
"[W]hether a[n] [employee] can receive uninsured-motorist (`UM') benefits under his family automobile liability policy when he is injured on the job by a negligent coworker who is immune to suit because of the exclusivity provisions of the Workers' Compensation Act (`the Act')."
___ So.2d ____ at ____. A majority of this court held that the employee who received workers' compensation benefits because of injuries sustained in a work-related car accident was precluded from receiving UM benefits from his insurer. Presiding Judge Yates and Judge Murdock each wrote a dissenting opinion. See ___ So.2d at ____ (Yates, P.J., dissenting); ___ So.2d at ____ (Murdock, J., dissenting).
As stated above, Holland received workers' compensation benefits through a settlement with her employer. She sought and received an award of UM benefits from her employer's insurer. Holland first argues that this court's holding in Carlton does not preclude her recovery of UM benefits because the employee in Carlton did not seek UM benefits from his employer's insurer; he sought UM benefits from his own insurer. We conclude that this distinction does not preclude the application of Carlton to this case. The majority opinion in Carlton reasoned that the employee received recovery for his injuries through the receipt of workers' compensation benefits and that, therefore, he was not deprived of a recovery and UM benefits would not be available for additional recovery. ___ So.2d at ____. Holland has received workers' compensation benefits. Applying the reasoning of Carlton to this case, we conclude that Holland has received redress for her injuries. Additional recovery of UM benefits from her employer's insurer as well as her insurer would be additional recovery precluded by the holding of Carlton.
Holland further argues that the holding of Carlton conflicts with our supreme court's holding in Hogan v. State Farm Mutual Automobile Insurance Co., 730 So.2d 1157 (Ala.1998), overruled on other grounds, Williamson v. Indianapolis Life Insurance Co., 741 So.2d 1057 (Ala.1999). The majority opinion in Carlton distinguished the holding of Hogan. See ___ So.2d ____ at ____. Therefore, we conclude that Carlton controls the outcome of this case. We further conclude that the trial court should have granted Auto-Owners' motion for a JML, and that it erred by submitting the case to the jury.
We reverse the trial court's judgment and remand the cause for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.
CRAWLEY, Judge, concurring in the result.
I concur in the result because I believe Auto-Owners was entitled to a JML at the close of Holland's evidence. The holding in State Farm Mutual Automobile Insurance v. Carlton, [Ms. 2991014, May 11, 2001] ___ So.2d ____ (Ala.Civ.App.2001), however, does not apply to this case. In Carlton, the injured employee sought uninsured motorist ("UM") benefits from his own automobile insurer. As this court explained in footnote 2 of the Carlton opinion, when an employee injured in his employer's *79 vehicle seeks UM benefits from his employer's automobile insurer,
"such a claim would probably be denied on grounds unrelated to the interplay between the Workers' Compensation Act and the UM statute. See Allstate Ins. Co. v. Hardnett, 763 So.2d 963 (Ala.2000) (holding that a vehicle is not within the definition of `uninsured auto' if it is included in the liability coverage of the same policy). See also Dale v. Home Ins. Co., 479 So.2d 1290 (Ala.Civ.App.1985)(holding that a fireman injured by a negligent coworker was not entitled to UM benefits under his employer's automobile policy because the firetruck in which he was injured was an insured vehicle under the same policy)."
___ So.2d at ____ n. 2. In the present case, the vehicle in which Holland was injured was specifically excluded, by the terms of the Auto-Owners' policy, from the definition of "uninsured automobile".
THOMPSON and MURDOCK, JJ., concur.
NOTES
[1] State Farm filed a motion to opt in as an appellee and filed a brief to address the propriety of the judgment entered for it. Neither Auto-Owners' brief, Holland's brief, nor our opinion addresses the propriety of the judgment for State Farm. Therefore, we have not named State Farm as an appellee in the style of the appeal.