This is an appeal from a summary judgment entered in favor of Sentry Insurance, a Mutual Company ("Sentry"), in an action brought by Michael Raymond Watts against Sentry and numerous other defendants. On July 15, 2003, the trial court made its summary judgment for Sentry final pursuant to Rule 54(b), Ala.R.Civ.P. Watts appealed. We reverse and remand.
Watts was driving a motor vehicle owned by his employer, Johnson Controls, Inc., when the vehicle was struck by a utility trailer that had come loose from a vehicle driven by William J. Rupe and owned by Rupe's employer, Dwight's Lawn Garden Equipment, Inc., d/b/a A D Distributors; the utility trailer was owned by Dwight's Lawn Garden Equipment, Inc. The accident occurred while Watts was acting within the line and scope of his employment. Watts fractured his right tibia and injured his left knee, shoulders, and back in the accident. Watts received from his employer, Johnson Controls, workers' compensation benefits and expenses for medical and surgical treatment pursuant to Ala. Code 1975, § 25-5-77.
Watts sued Rupe and others, including Sentry (but not Johnson Controls), to recover compensatory damages and punitive damages as a result of the accident. In count III of the complaint, which is the only count relevant in this appeal, Watts alleged that he was insured by, or was the beneficiary of, policies of motor-vehicle insurance issued by Sentry, pursuant to which Sentry was to provide Watts protection against bodily injury caused by an uninsured/underinsured motorist in consideration of a premium paid to Sentry by Watts's employer, Johnson Controls. Watts alleged that the injuries and damage he suffered were proximately caused by the negligent or wanton conduct of Rupe, an underinsured motorist, and that Sentry had failed to pay Watts benefits under the policy.
Sentry moved for a summary judgment, alleging that Watts was an employee of Johnson Controls; that Watts was operating a vehicle owned by Johnson Controls within the line and scope of his employment at the time of the accident; that Watts was injured as a result of that accident; that Watts and Johnson Controls were subject to the provisions of the Alabama Workers' Compensation Act; that *Page 442 
Watts had made a claim for and received workers' compensation benefits from Johnson Controls; that Sentry is the underinsured-motorist carrier for Johnson Controls, but not its workers' compensation carrier; and that Watts sued Sentry (Johnson Controls' underinsured-motorist carrier) seeking underinsured-motorist benefits after he had filed a workers' compensation claim to recover benefits from Johnson Controls' workers' compensation carrier.
Section 25-5-53, Ala. Code 1975, provides:
 "[I]mmunity from civil liability [for injury to or death of the employer's employee] . . . shall . . . extend to the workers' compensation insurance carrier of the employer; to a person, firm, association, trust, fund, or corporation responsible for servicing and payment of workers' compensation claims for the employer; to an officer, director, agent, or employee of the carrier, person, firm, association, trust, fund, or corporation; to a labor union, an official, or representative thereof; to a governmental agency providing occupational safety and health services, or an employee of the agency; and to an officer, director, agent, or employee of the same employer, or his or her personal representative."
The issue this case presents is whether an employee who is receiving workers' compensation benefits from his employer for injuries he sustained in a motor-vehicle accident that occurred while the employee was driving a vehicle belonging to the employer can recover underinsured-motorist benefits from the employer's automobile liability insurer (which is not the employer's workers' compensation insurer), if the employee's injuries were proximately caused by the negligence or wantonness of an underinsured driver, who was not a co-employee?
The answer to that question is yes, subject to the employer's right to reimbursement for the compensation paid on account of the employee's injury to the extent of the employee's recovery of damages against the third-party tortfeasor. Ala. Code 1975, § 32-7-23 and § 25-5-11.
The Alabama Workers' Compensation Act, Ala. Code 1975, § 25-5-1 et seq., specifically provides that an injured employee who is receiving workers' compensation benefits can file an action against a third party (except for certain third parties not relevant here), whose negligence or wantonness proximately caused the injuries for which the employee is receiving workers' compensation benefits. § 25-5-11. Rupe was a third party against whom Watts could bring an action pursuant to § 25-5-11. Sentry was contractually obligated to pay Watts, its own insured, those damages, if any, over and above the damages Rupe's own liability insurance carrier would pay for Rupe's alleged negligence or wantonness in causing Watts's injuries. Until a trier of the facts ascertains Watts's damages, if any, whether Rupe was in fact an underinsured motorist is unknown. That, however, does not entitle Sentry to a summary judgment. The mere fact that the trier of fact may find against a plaintiff on the issues of liability or damages in an action does not entitle the defendant to a summary judgment. Sentry is not being sued because of negligence or wantonness on the part of Watts's employer or any entity protected from such an action by § 25-5-53. Nothing in the Alabama Code or Alabama caselaw shelters Sentry from its liability for underinsured-motorist coverage under the facts of this case.
There is a tension among the Justices on this Court as to whether "the damages which the injured person is legally entitled to recover" (Ala. Code 1975, § 32-7-23(b)(4)) depend entirely on the merits of *Page 443 
the injured person's claim against the tortfeasor under the laws of the State.[1] However, without dispute, Watts was legally entitled to recover damages from Rupe in this case if the trier of fact determines that Watts was injured as a proximate result of Rupe's negligence or wantonness. Therefore, we do not test that tension in resolving the issue before us.
We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, BROWN, JOHNSTONE, and WOODALL, JJ., concur.
[1] See Ex parte Carlton, [Ms. 1001781, April 11, 2003] ___ So.2d ___ (Ala. 2003); Hogan v. State Farm Mut. Auto. Ins. Co., 730 So.2d 1157
(Ala. 1998); State Farm Mut. Auto. Ins. Co. v. Jeffers, 686 So.2d 248
(Ala. 1996); State Farm Auto. Ins. Co. v. Baldwin, 470 So.2d 1230 (Ala. 1985).