Alan Jerome Frazier appeals from a judgment entered by the Marshall Circuit Court in favor of St. Paul Insurance Company, holding that Frazier could not, as a matter of law, recover both uninsured-/underinsured-motorist benefits under an automobile insurance policy and benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. We reverse and remand.
 Facts
Frazier was employed by Charter Communications as a line installer; a portion of his job responsibilities involved driving the cable company truck to install, disconnect, and repair cable. On December 7, 1999, Frazier was involved in a collision while he was driving the company's truck in connection with his job when Lee Roy Mullins pulled his vehicle out in front of the truck Frazier was driving. Frazier could not stop, and he hit Mullins broadside. As a result of the accident, Frazier suffered injuries to his neck and back. He underwent fusion surgery and various other treatment.
Because Frazier was injured within the line and scope of his employment, he qualified for workers' compensation benefits under the Workers' Compensation Act. On June 11, 2002, Frazier reached a settlement with St. Paul, Charter's workers' compensation insurance carrier.
On May 8, 2001, Frazier sued Mullins, the alleged tortfeasor, and St. Paul,[1] Charter's automobile insurance carrier, in the Marshall Circuit Court, seeking to recover damages for his injuries. On February 22, 2002, the Marshall Circuit Court entered a default judgment against Mullins.
St. Paul filed a motion for judgment as a matter of law, arguing that Auto-Owners Insurance Co. v. Holland, 832 So.2d 76
(Ala.Civ.App. 2002), and State Farm Mutual Automobile InsuranceCo. v. Carlton, 867 So.2d 320 (Ala.Civ.App. 2001), aff'd onother grounds, 867 So.2d 332 (Ala. 2003), precluded Frazier from receiving workers' compensation benefits and uninsured-/underinsured-motorist benefits for the same injury. St. Paul argued that such a recovery would constitute a double recovery. The trial court granted St. Paul's motion and entered a judgment for St. Paul.
Frazier appeals, asserting that the cases relied upon by St. Paul were incorrectly decided by the Court of Civil Appeals. We agree with Frazier.
 Analysis
St. Paul relies upon two cases from the Alabama Court of Civil Appeals as authority for its position: Auto-Owners Insurance Co.v. Holland, 832 So.2d 76 (Ala.Civ.App. 2002), and State FarmMutual Automobile Insurance Co. v. Carlton, 867 So.2d 320
(Ala.Civ.App. 2001), aff'd on other grounds, 867 So.2d 332
(Ala. 2003). However, in Ex parte Carlton, 867 So.2d 332 (Ala. 2003), this Court rejected the rationales of both cases now relied upon by St. Paul.[2] Thus, neither Auto-Owners, supra, nor State Farm, supra, supports St. Paul's argument. *Page 408 
In Ex parte Carlton,[3] this Court addressed as an issue of first impression whether Nicholas Shane Carlton, an employee injured within the line and scope of his employment, was entitled, in addition to workers' compensation benefits, to the uninsured-/underinsured-motorist benefits available under his mother's personal automobile insurance policy. Carlton was injured while he was a passenger in a vehicle owned by his employer and being driven by a co-employee. The co-employee driver negligently turned in front of an oncoming vehicle. Carlton received workers' compensation benefits; he then sought benefits under an automobile insurance policy his mother had with State Farm that included Carlton as an insured and that provided uninsured-motorist coverage.
State Farm refused to pay Carlton's claim; it argued that he could not fulfill the condition precedent to recovery of uninsured-motorist benefits — that he be "legally entitled to recover" from the negligent driver — because of the exclusivity-of-remedy and the co-employee immunity provisions of the Workers' Compensation Act. The trial court entered a summary judgment in favor of Carlton and awarded him the limits of the uninsured-motorist coverage in the State Farm policy.
State Farm appealed, arguing that Carlton's claim for uninsured-/underinsured-motorist benefits was barred by the exclusivity provision of the Workers' Compensation Act; that Carlton could not meet the prerequisites of the uninsured-/underinsured-motorist provision in that he could not establish that he was legally entitled to recover from his negligent co-employee because of the co-employee immunity provision of the Act; and that the legislative purpose underlying the uninsured-/underinsured-motorist statute would not be served by providing him a further recovery, because Carlton had already received some compensation for his injuries.
On appeal, the Court of Civil Appeals rejected State Farm's first two arguments. Addressing State Farm's argument that it was protected by the exclusivity provision of the Workers' Compensation Act, the Court of Civil Appeals stated:
 "Although § 25-5-52[, Ala. Code 1975,] and the first sentence of § 25-5-53 could be argued to imply that the [Workers' Compensation] Act provides an injured employee's sole remedy against the world at large, the history and purpose of the Act indicate that those two statutes provide an injured employee's sole remedy only against his employer and those entities identified with his employer."
State Farm v. Carlton, 867 So.2d at 326.
Thus, the Court of Civil Appeals indicated that the exclusive remedy of the Workers' Compensation Act was not intended to be an injured employee's sole remedy against the world at large. The Court of Civil Appeals stated: "Sections 25-5-52 and 25-5-53
state the exclusive remedy for an injured worker as against his employer, his co-employees, the compensation insurance carrier, and the compensation service companies of the employer." Id. at 326, citing A. Larson L. Larson, Larson's Workers'Compensation Law § 100-01 at 100-2 (2000). The Court of Civil Appeals stated:
 "In 1984, the legislature set out its intent with regard to the exclusivity provisions of the [Workers' Compensation] Act:
 "`The intent of the Legislature is to provide complete immunity to employers *Page 409 
and limited immunity to officers, directors, agents, servants or employees of the same employer and to the workers' compensation insurance carrier and compensation service companies of the employer or any officer, director, agent, servant, or employee representative thereof, from civil liability in all causes of action except those based on willful conduct and such immunity is an essential aspect of the workers' compensation scheme. The Legislature hereby expressly reaffirms its intent, as set forth in section 25-5-53 . . . regarding the exclusivity of the rights and remedies of an injured employee, except as provided herein.'
"Section 25-5-14, Ala. Code 1975. . . ."
State Farm v. Carlton, 867 So.2d at 326 (emphasis omitted). Thus, the legislative intent behind the exclusive-remedy provision of the Workers' Compensation Act was to provide a measure of protection to both employers and employees by providing complete immunity to employers and limited immunity to certain other entities and individuals so closely affiliated with that employment relationship as to be an essential aspect of the workers' compensation scheme in exchange for a guarantee of compensation to an injured employee. This language makes clear that the exclusivity-of-remedy provision found in the Workers' Compensation Act does not apply to the world at large.
However, in State Farm v. Carlton, the Court of Civil Appeals was persuaded by State Farm's argument that Carlton had already received compensation for his injury under the Workers' Compensation Act and, therefore, allowing further recovery would not serve the legislative purpose of the uninsured-/underinsured-motorist statute. Thus, the Court of Civil Appeals reversed the trial court's judgment, holding that because Carlton had been afforded some measure of a remedy, Carlton was not entitled to the uninsured-motorist benefits provided under his mother's insurance policy. State Farm v.Carlton, 867 So.2d at 328.
Carlton petitioned for a writ of certiorari, and this Court affirmed the judgment of the Court of Civil Appeals but on a rationale different than the rationale stated in the Court of Civil Appeals' opinion. This Court quoted § 32-7-23, Ala. Code 1975, Alabama's uninsured-motorist statute, which provides, in pertinent part:
 "`No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered . . . unless coverage is provided . . . for bodily injury or death . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . .'"
Ex parte Carlton, 867 So.2d at 334. The Court also pointed out that the language of the State Farm policy issued in that case echoed the language of Alabama's uninsured-motorist statute, providing that State Farm "`will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured vehicle.'" 867 So.2d at 322. Thus, the Court inEx parte Carlton considered whether Carlton could establish, as required under the uninsured-motorist statute and under the language of the State Farm policy, that he was "legally entitled to recover" damages.
The Court stated: *Page 410 
 "This Court has held that `legally entitled to recover' means that `the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages.'"
Ex parte Carlton, 867 So.2d at 334 (emphasis omitted) (quotingLeFevre v. Westberry, 590 So.2d 154, 157 (Ala. 1991), quoting in turn Quick v. State Farm Mut. Auto. Ins. Co.,429 So.2d 1033, 1035 (Ala. 1983)).
Applying the above-quoted language to the case before it, the Court in Ex parte Carlton held that, because of the co-employee immunity provision of the Alabama Workers' Compensation Act, Carlton was barred from recovering damages from his co-employee even though that co-employee had been negligent. Thus, Carlton was unable to establish that he was legally entitled to recover damages from his co-employee; as a result, he could not make the necessary showing under the uninsured-motorist statute and the language of the State Farm policy that he was "legally entitled to recover damages." For this reason, we held that Carlton was not entitled to recover uninsured-motorist benefits under his mother's automobile policy.
However, Ex parte Carlton did not hold simply that an injured employee who receives workers' compensation benefits is barred, under every circumstance, from recovering any further compensation or benefits. Again, as the Court of Civil Appeals pointed out in State Farm v. Carlton, the exclusive-remedy provision of the Alabama Workers' Compensation Act does not apply to the world at large. The exclusivity of the workers' compensation remedy applies only to the employer, officers, directors, agents, servants, or employees of the same employer and to the workers' compensation insurance carrier and compensation service companies of the employer or any officer, director, agent, servant, or employee representative thereof. See § 25-5-14, Ala. Code 1975.
This Court recognized this principle again in the recent case of Watts v. Sentry Insurance, 876 So.2d 440 (Ala. 2003). InWatts, this Court noted that the Alabama Workers' Compensation Act specifically provides that an injured employee who is receiving workers' compensation benefits can sue a third party (except for certain third parties) whose negligence or wantonness proximately caused the injuries for which the employee is receiving workers' compensation benefits. 876 So.2d at 442. If the Workers' Compensation Act authorizes an injured employee to sue a third party while the employee is receiving benefits under the Act, clearly the exclusivity provision of the Act does not bar recovery from any and all sources other than the employer, as St. Paul argues.
We now apply these principles to the facts of this case. We note that Frazier has received workers' compensation benefits for the injuries he sustained in the accident. Because this case does not involve a negligent or wanton co-employee, but rather a negligent third party, the co-employee immunity provision of the Workers' Compensation Act does not apply. Additionally, St. Paul, in its role as the automobile insurance carrier for Charter, is not one of those entities or individuals to whom the exclusive-remedy provision of the Workers' Compensation Act was intended to apply. Frazier is legally entitled to recover from Mullins, the person responsible for his injuries, but Frazier has been unable to recover from Mullins. Thus, assuming that Frazier meets the definition of an "insured" under the St. Paul automobile insurance policy and assuming that no policy exclusion applies, we see nothing in the Alabama Workers' Compensation *Page 411 
Act that would bar Frazier from recovering the uninsured-/underinsured-motorist benefits to which he may be entitled under the St. Paul automobile insurance policy issued to Charter.
We, therefore, reverse the judgment for St. Paul and we remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
SEE, J., concurs in the result.
[1] St. Paul provided both Charter's workers' compensation insurance and its automobile insurance.
[2] The relevant facts of Ex parte Carlton are virtually identical to those of Auto-Owners Insurance Co. v. Holland, supra. Therefore, Ex parte Carlton implicitly overruled the rationale of Auto-Owners.
[3] We note that St. Paul does not rely on this Court's opinion in Ex parte Carlton, supra.