Jimmie Wendell Johnson appeals from a judgment dismissing his claims against Coregis Insurance Company ("Coregis"), his employer's underinsured-motorist insurance carrier, and holding that Johnson could not recover benefits from Coregis when he had already collected benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"). We reverse and remand.
 Facts
Johnson was employed by the Cullman County Commission ("the Commission") to transport juvenile offenders to and from county detention facilities. On September 19, 2001, while driving a vehicle owned by the Commission, Johnson was seriously injured in an automobile accident involving another driver, James Kimble Lovette. At the time of the accident, Johnson was acting within the line and scope of his employment, and he collected workers' compensation benefits for his injuries.
At the time of the accident, the Commission had an automobile insurance policy with Coregis; that policy provided underinsured-motorist insurance. The policy, Johnson alleges, covered the vehicle he was driving. *Page 1233 
On November 25, 2002, Johnson sued Lovette and Coregis, seeking compensatory and punitive damages for injuries he sustained as a result of the accident. Johnson also sought underinsured-motorist benefits under the Commission's automobile insurance policy with Coregis.
On December 30, 2002, Coregis filed a motion pursuant to Rule 12(b)(6), Ala. R. Civ. P., to dismiss Johnson's complaint as to it. Coregis alleged that Johnson had failed to state a claim on which relief could be granted, and that Johnson was not entitled to benefits from the Commission's automobile insurer. After a hearing, the trial court granted Coregis's motion and dismissed Coregis as a defendant. In an order entered on January 30, 2003, the trial court held that Johnson's sole remedy for his injuries was a claim for workers' compensation benefits.
On February 25, 2003, Johnson filed a motion to dismiss his complaint against Lovette, asserting that he had settled his dispute with Lovette. On the same day, the trial court filed its second and final order, which provided, in part:
 "This case presents this issue: Can an employee who is injured while driving his employer's vehicle as the result of the negligence of the other driver recover from his employer's underinsured motorist insurance carrier even though he has collected worker's compensation? Based on the authority of Auto [-]Owners Insurance Co. v. Holland, 832 So.2d 76 (Ala.Civ.App. 2002), the Court concludes that he cannot. Accordingly, Defendant Coregis'[s] motion is granted, and the Court hereby ORDERS that Johnson's claims against Coregis are dismissed.
 "Also, upon Johnson's motion to dismiss his claims against the only remaining Defendant, James Kimble Lovette, the Court grants said motion and FURTHER ORDERS that all other claims in Johnson's complaint are dismissed. . . ."
Johnson filed a notice of appeal to this Court on March 13, 2003, asserting that the trial court's dismissal of his complaint against Coregis was erroneous.
 Standard of Review
This Court applies the following standard of review to an appeal from a trial court's dismissal of an action for failure to state a claim upon which relief could be granted:
 "On appeal, a dismissal is not entitled to a presumption of correctness. Jones v. Lee County Commission, 394 So.2d 928, 930 (Ala. 1981); Allen v. Johnny Baker Hauling, Inc., 545 So.2d 771, 772
(Ala.Civ.App. 1989). The appropriate standard of review under Rule 12(b)(6)[, Ala. R. Civ. P.,] is whether, when the allegations of the complaint are viewed most strongly in the pleader's favor, it appears that the pleader could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640, 641 (Ala. 1985); Hill v. Falletta, 589 So.2d 746 (Ala.Civ.App. 1991). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but only whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669, 671 (Ala. 1985); Rice v. United Ins. Co. of America, 465 So.2d 1100, 1101
(Ala. 1984). We note that a Rule 12(b)(6) dismissal is proper only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Garrett v. Hadden, 495 So.2d 616, 617 (Ala. 1986); Hill v. Kraft, Inc., 496 So.2d 768, 769 (Ala. 1986)."
Nance v. Matthews, 622 So.2d 297, 299 (Ala. 1993). *Page 1234 
 Analysis
Coregis argues that the trial court properly granted its motion to dismiss and relies upon Auto-Owners Insurance Co. v.Holland, 832 So.2d 76 (Ala.Civ.App. 2002), and State FarmMutual Automobile Insurance Co. v. Carlton, 867 So.2d 320
(Ala.Civ.App. 2001), aff'd on other grounds, Ex parte Carlton,867 So.2d 332 (Ala. 2003). Coregis argues that, under the rationale of the above-cited cases, to allow Johnson to receive both workers' compensation benefits and underinsured-motorist benefits from Coregis would be allowing double recovery for Johnson. However, we note that in Ex parte Carlton, supra, this Court rejected the rationale of Auto-Owners v. Holland andState Farm v. Carlton; therefore, neither case supports Coregis's arguments on appeal. See Frazier v. St. Paul Ins.Co., 880 So.2d 406, 408 (Ala. 2003) (stating that in Ex parteCarlton, 867 So.2d at 332, this Court rejected the rationales of both Auto-Owners v. Holland and State Farm v. Carlton).
In Ex parte Carlton, Carlton, an employee of Montgomery Landscaping Contractors, Inc., was injured while he was a passenger in a car being driven by a co-employee. Although Carlton received workers' compensation benefits for his injuries, he sought additional benefits under an insurance policy held by his mother, which included Carlton as an insured. The policy contained uninsured-motorist coverage. The insurer maintained that both the uninsured-motorist statute, § 32-7-23, Ala. Code 1975, and the policy required that an insured be "legally entitled to recover against the negligent party in order for the insured to be entitled to uninsured-motorist benefits." Ex parteCarlton, 867 So.2d at 334. The insurer refused to pay Carlton benefits, arguing that Carlton was not "legally entitled to recover" from the negligent driver because the negligent driver was a co-employee subject to the exclusivity-of-remedy and co-employee-immunity provisions of the Act. See Ex parteCarlton, 867 So.2d at 333 (citing § 32-7-23, Ala. Code 1975); and §§ 25-5-52 and 25-5-53, Ala. Code 1975.
The trial court entered a summary judgment for Carlton, allowing him uninsured-motorist benefits under his mother's insurance policy; however, the Court of Civil Appeals reversed the trial court's judgment. Specifically, the Court of Civil Appeals noted that the Act was intended to be an injured employee's sole remedy against "his employer and those entities identified with his employer." State Farm v. Carlton, 867 So.2d at 326. The Court of Civil Appeals' reversal of the trial court's judgment was based upon the rationale that Carlton had already received workers' compensation benefits and had been awarded some measure of a remedy for his injuries. Thus, that court reasoned, Carlton was not entitled to also recover uninsured-motorist benefits under his mother's policy with State Farm. State Farmv. Carlton, 867 So.2d at 328.
This Court affirmed the judgment of the Court of Civil Appeals, but under a different rationale. In Ex parte Carlton, we considered whether Carlton could establish, as required under the uninsured-motorist statute and under his mother's policy with State Farm, that he was "`legally entitled to recover damages from owners or operators of uninsured motor vehicles.'" Ex parteCarlton, 867 So.2d 332 (quoting § 32-7-23, Ala. Code 1975). We stated:
 "This Court has held that `legally entitled to recover' means that `"the insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages and must be able to prove the extent of those damages."' LeFevre v. Westberry, 590 So.2d 154, 157 *Page 1235 
(Ala. 1991) (quoting Quick v. State Farm Mut. Auto. Ins. Co., 429 So.2d 1033, 1035 (Ala. 1983)). As the Court of Civil Appeals stated in State Farm Mutual Automobile Insurance Co. v. Griffin, 51 Ala.App. [426], 431, 286 So.2d 302, 306 (1973):
 "`[T]he insured must be able to establish fault on the part of the uninsured motorist, which gives rise to damages, and must be able to prove the extent of those damages. In a direct action by the insured against the insurer, the insured has the burden of proving in this regard that the other motorist was uninsured, legally liable for damage to the insured, and the amount of this liability.'"
Ex parte Carlton, 867 So.2d at 334 (emphasis omitted). In applying this language to the facts of Ex parte Carlton, we held that because the co-employee-immunity provisions of the Act prohibited Carlton's recovery of damages from his co-employee, Carlton could not prove that he was "legally entitled to recover damages"; thus, he was not entitled to recover uninsured-motorist benefits under his mother's insurance policy.
Ex parte Carlton does not stand for the proposition that all injured employees receiving workers' compensation benefits are barred from recovering other compensation or benefits. Indeed, since we decided Ex parte Carlton we have held that the Act specifically provides that an injured employee who is receiving workers' compensation benefits can sue certain third parties whose negligence or wantonness proximately caused the injuries for which the employee is receiving workers' compensation benefits. See Watts v. Sentry Ins., 876 So.2d 440, 443 (Ala. 2003). In Frazier v. St. Paul Insurance Co., 880 So.2d 406
(Ala. 2003), Frazier, who was driving a truck owned by his employer, Charter Communications, was injured in a collision with another driver. Frazier qualified for workers' compensation benefits and reached a settlement with St. Paul Insurance Co., Charter's workers' compensation insurance carrier. Frazier sued the other motorist and St. Paul as Charter's uninsured-motorist insurance carrier.
In the trial court, Frazier obtained a default judgment against the other motorist; however, citing Auto-Owners v. Holland,supra, and State Farm v. Carlton, supra, the trial court granted St. Paul's motion for a judgment as a matter of law. On appeal, this Court held that the cases relied on by the trial court had been incorrectly decided by the Court of Civil Appeals, and we reversed the trial court's judgment for St. Paul. Applying the principles of Ex parte Carlton and Watts, we held that because Frazier was not suing a co-employee, but rather was suing an allegedly negligent third party, the co-employee-immunity provisions of the Act did not apply. We further held:
 ". . . St. Paul, in its role as the automobile insurance carrier for Charter, is not one of those entities or individuals to whom the exclusive-remedy provision of the Workers' Compensation Act was intended to apply. Frazier is legally entitled to recover from Mullins, the person responsible for his injuries, but Frazier has been unable to recover from Mullins. Thus, assuming that Frazier meets the definition of an `insured' under the St. Paul automobile insurance policy and assuming that no policy exclusion applies, we see nothing in the Alabama Workers' Compensation Act that would bar Frazier from recovering the uninsured-/underinsured-motorist benefits to which he may be entitled under the St. Paul automobile insurance policy issued to Charter."
880 So.2d at 410-11.
The facts of Frazier are similar to the facts of this case. Like Frazier, Johnson *Page 1236 
was injured by a third party while he was driving his employer's vehicle. After he received workers' compensation benefits for those injuries, Johnson sued Lovette, the alleged tortfeasor, and Coregis, his employer's underinsured-motorist insurance carrier. Assuming that Johnson is covered by his employer's underinsured-motorist insurance policy, we see nothing in the Act that would bar Johnson from recovering those insurance benefits to which he may be entitled.[1] See Watts, 876 So.2d at 442;[2] Frazier, 880 So.2d at 409; and Ex parteCarlton, 867 So.2d at 334.
 Conclusion
We reverse the trial court's judgment dismissing Coregis and remand this cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, JOHNSTONE, HARWOOD, and STUART, JJ., concur.
[1] Our decision pertains only to the trial court's determination that the Act bars Johnson's claim against Coregis for underinsured-motorist benefits. We express no opinion as to whether Johnson is otherwise entitled to a recovery under the underinsured-motorist provision of Coregis's policy.
[2] This Court held in Watts:
 "Rupe [the alleged tortfeasor] was a third party against whom Watts [the injured employee] could bring an action pursuant to § 25-5-11. Sentry [the insurance company] was contractually obligated to pay Watts, its own insured, those damages, if any, over and above the damages Rupe's own liability insurance carrier would pay for Rupe's alleged negligence or wantonness in causing Watts's injuries. Until a trier of the facts ascertains Watts's damages, if any, whether Rupe was in fact an underinsured motorist is unknown. That, however, does not entitle Sentry to a summary judgment. The mere fact that the trier of fact may find against a plaintiff on the issues of liability or damages in an action does not entitle the defendant to a summary judgment."
876 So.2d at 442.