MOORE, Judge,
concurring in the result.
I concur in the result.
The record indicates that Cox Pools of the Southeast, Inc. (“the employer”), filed a motion for a summary judgment on April 19, 2012, and amended that motion on October 9, 2012. In support of those motions, the employer presented evidence indicating that Samuel Roblero (“the employee”) had received compensable injuries resulting from a May 10, 2010, motor-vehicle accident involving an uninsured motorist, for which the employee had received temporary-total-disability benefits and medical payments from the employer. The employer further presented evidence indicating that the employee was covered by the uninsured-motorist provisions of an insurance policy issued by Penn National Insurance that had been procured by the employer with policy limits of $3,000,000. The employer proved that the employee had settled his uninsured-motorist claim against Penn National for $30,000.
Based on those facts, the employer argued in its original motion for a summary judgment that, under § 25-5-ll(a), Ala. Code 1975, a part of the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, it was entitled to a “subrogation” credit against its workers’ compensation liability for the money the employee had received from Penn National. In its amended motion, the employer further argued that the employee should not be allowed to recover workers’ compensation benefits because he had received uninsured-motorist benefits from Penn National, its uninsured-motorist insurance carrier, and, thus, any award of workers’ compensation benefits would amount to a double recovery, which, it said, is prohibited by § 25-5-11, Ala.Code 1975.
On October 19, 2012, the employee responded to the motions. The employee did not specifically address the employer’s argument that he should be prevented from recovering workers’ compensation benefits based on his receipt of the uninsured-motorist settlement proceeds. He did, however, maintain that the employer did not have the right to a “subrogation” credit against its workers’ compensation liability for the amount of the uninsured-motorist settlement proceeds, citing Bunkley v. Bunkley Air Conditioning, Inc., 688 So.2d 827 (Ala.Civ.App.1996).
The Mobile Circuit Court (“the trial court”) entered a summary judgment for the employer on October 29, 2012. In that judgment, the trial court found that the employer was entitled to “subrogation rights” as to the uninsured-motorist benefits paid to the employee by Penn National. The trial court further found that the employee
“had an opportunity to be made whole up to the policy limits of $3,000,000. [The employee] accepted $30,000 from the [Penn National] policy as satisfaction for his compensatory and punitive damages. The Workers’ Compensation Act is not intended to allow for double recovery from the same injury by an employee. [The employee] is estopped from obtaining benefits for compensatory and punitive damages from the uninsured motorist policy sponsored by [the employer] and now seeking an additional recovery from [the employer] through the Workers’ Compensation Act.”
The trial court further ordered the clerk of the trial court to dismiss the case with prejudice on October 29, 2012. The employee filed a postjudgment motion on December 7, 2012,[1] and a notice of appeal on December 10, 2012.
*912 Based on our de novo standard of review, see Sartin v. Madden, 955 So.2d 1024 (Ala.Civ.App.2006), we must ascertain whether the employer proved that it was entitled to a dismissal of the employee’s workers’ compensation claim as a matter of law.
In its amended motion for a summary judgment, the employer asserted that the claim should be dismissed because the employee had already recovered uninsured-motorist benefits through a settlement with Penn National. The employer argued that § 25-5-11 is intended to prevent double recovery. See Nuss Lumber Co. v. Estate of Monghan, 91 So.3d 90, 93 (Ala.Civ.App.2012) (“The primary goal of workers’ compensation legislation is to aid the injured employee, not to allow a double recovery.”). The employer contended that the policy behind § 25-5-11 required the trial court to dismiss the workers’ compensation claim in order to prevent the employee from receiving monetary benefits for his injury from two different sources, thereby securing a double recovery.
The employer did not establish its right to a judgment as a matter of law. Section 25-5-11 does not prohibit an employee from recovering monetary benefits for the same injury from two or more different sources. In fact, the plain language of § 25-5-ll(a) specifically affords to employees the right to recover from third parties any and all amounts to which they are legally entitled while “at the same time” recovering workers’ compensation benefits from their employers. Thus, the mere fact that the employee recovered uninsured-motorist benefits in no way prevents the employee from maintaining a claim for workers’ compensation benefits, as the employer contended in its amended summary-judgment motion.
In its judgment, the trial court concluded that the employee should be estopped to claim workers’ compensation. benefits based on his recovery of uninsured-motorist benefits. On appeal, the employer maintains that it would be unfair to allow the employee to settle his claim for uninsured-motorist benefits, without notice to the employer, for $30,000, which equals 1% of the uninsured-motorist-insurance policy limits, thereby impairing its right to avoid the costs of the injury. The employer asserts that we should adopt the estoppel theory used by the trial court in order to avoid that inequity. Although there may be some merit in the contention that employers should be notified and allowed to participate in, or consent to, third-party settlements, see 2 Terry A. Moore, Alabama Workers’ Compensation § 21:87 (1998), the Act does not contain any provision to that effect, and we are not at liberty to judicially engraft one, see generally Ex parte Shelby Cnty. Health Care Auth., 850 So.2d 332 (Ala.2002), particularly a provision that would require forfeiture of workers’ compensation benefits in those circumstances.
Even if we could apply an equitable-estoppel theory, this case does not come to this court in the proper posture to enforce that defense against the employee. In its amended summary-judgment motion, the employer did not argue that the employee should be estopped to recover workers’ compensation benefits based on his decision to accept less than the full policy limits of the uninsured-motorist policy without notifying the employer. The employer presented no evidence regarding the accident, contending only that “the *913 driver of the other vehicle was apparently at fault.” The employer presented no evidence regarding the reasons for the amount of the settlement. The record contains nothing to substantiate the trial court’s finding that the employee “had an opportunity to be made whole up to the policy limits of $8,000,000.” The employer further presented no evidence indicating that it was not notified of the settlement before it was consummated, that it was denied any right to participate in that settlement, or that any of its workers’ compensation credit and subrogation rights were thereby impaired. The employer merely argued that the employee could not recover workers’ compensation benefits because the employee had already recovered uninsured-motorist benefits, which is not legally correct.
Although it is true that the employee did not directly respond to the employer’s argument that the workers’ compensation claim should be dismissed based on the employee’s receipt of uninsured-motorist benefits, that failure does not require affir-mance. A motion for a summary judgment is properly granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala. R. Civ. P. “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” Ex parte Alfa Mut. Gen. Ins. Co., 742 So.2d 182, 184 (Ala.1999) (citing Bass v. SouthTrust Bank of Baldwin Cnty., 538 So.2d 794, 797-98 (Ala.1989)) (emphasis added). The employer may have established certain facts that were undisputed, but the employer never established a prima facie right to a judgment as a matter of law based on those facts; thus, the burden never shifted to the employee to rebut the employer’s showing. Therefore, this court may reverse the summary judgment to the extent that it dismisses the employee’s workers’ compensation claim.
On the other hand, this court must affirm the summary judgment in regard to the trial court’s conclusion that the employer’s § 25-5-11 subrogation and credit rights apply to the uninsured-motorist settlement proceeds. Our supreme court has generally held that an employer cannot credit uninsured-motorist benefits against its workers’ compensation liability, see State Farm Mut. Auto. Ins. Co. v. Cahoon, 287 Ala. 462, 252 So.2d 619 (1971), but some dicta indicates that the general rule may not apply to the proceeds of an uninsured-motorist policy funded by the employer. Watts v. Sentry Ins., 876 So.2d 440, 442 (Ala.2003) (noting, in an aside, that any recovery of uninsured-motorist benefits from an employer’s automobile liability insurer would be “subject to the employer’s right to reimbursement for the compensation paid on account of the employee’s injury”). We need not decide whether Cahoon or Watts applies in the present context, however, because the employee does not argue that the trial court erred in concluding that the employer’s subrogation and credit rights apply to the uninsured-motorist settlement proceeds. Therefore, that legal conclusion, whether right or wrong, is now the law of the case. See Alabama Dep’t of Revenue v. National Peanut Festival Ass’n, 51 So.3d 353, 356 (Ala.Civ.App.2010). As such, any concern that the employee will retain a double recovery should be allayed because, on remand, the employer will be entitled to reduce its workers’ compensation liability by the amount of the uninsured-motorist benefits, subject, of course, to payment of its fair portion of the employee’s attorney’s fees. See § 25-5-ll(e), Ala.Code 1975.

. Pursuant to Rule 59, Ala. R. Civ. P., the employee had 30 days from the entry of the *912 judgment in which to file his postjudgment motion. The employee filed his postjudgment motion 39 days after entry of the summary judgment; thus, his postjudgment motion came too late and could not be considered by the trial court.